378 So.2d 68 (1979)
Mary Ann BLANCHETTE, Appellant,
v.
SCHOOL BOARD OF LEON COUNTY, Appellee.
No. MM-244.
District Court of Appeal of Florida, First District.
December 11, 1979.
Gene L. Johnson and A. Anthony Cleveland, Tallahassee, for appellant.
Michael Pearce Dodson, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Blanchette appeals from a School Board order denying her request for a Section 120.57(1) formal hearing on her claim of entitlement to an unpaid leave of absence from her teaching position in school year 1978-79. The issue was one subject to the grievance procedure incorporated in the collective bargaining agreement between the *69 school board and the collective bargaining agent for the unit of which Blanchette was a member. The agreement provided:
It is understood and agreed that the resolution of complaints which are grievable or litigable shall be pursued through the grievance procedure until such remedy is exhausted.
Step III of the grievance procedure contracted for was "final and binding" arbitration.
It is questionable whether Blanchette's complaint involves a disputed issue of material fact, which is essential to Section 120.57(1) proceedings. The hearing afforded Blanchette may well have satisfied Section 120.57(2), although no order satisfying Section 120.59 was entered on the merits. At any rate, the School Board properly refused to resolve unilaterally, by APA procedures, a grievable dispute which the Board was obliged by contract to arbitrate with the collective bargaining representative of its teacher employees. When parties through their bargaining representative have contracted to arbitrate grievable disputes arising out of the collective bargaining agreement, grievable disputes must be resolved in that manner, if possible, rather than through APA procedures whose object is a final order expressing the decision of the employer-agency and determining a party's substantial interests. If following arbitration any issues remain which are subject to Chapter 120 processes, they may be resolved, on appropriate petition, by formal or informal proceedings.
AFFIRMED.
MILLS, C.J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.