456 So.2d 1280 (1984)
METROPOLITAN DADE COUNTY, Appellant,
v.
Edward T. MOLLOY, Appellee.
No. 83-2448.
District Court of Appeal of Florida, Third District.
October 2, 1984.
Robert A. Ginsburg, Dade County Atty., and Lee Kraftchick, Asst. County Atty., for appellant.
Lionel Barnet and James H. Greason, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Metropolitan Dade County (County) appeals from an order granting Edward Molloy's *1281 motion to vacate a decision of the Dade County Career Service Grievance Appeal Panel. For the reasons which follow, we affirm in part and reverse in part.
Molloy complained that he had been placed at the wrong pay step three years earlier when he was transferred from the County's "exempt" service to its "classified" service; the County's Personnel Director reclassified Molloy to a higher pay step and directed that Molloy's salary be adjusted prospectively. Molloy, following County procedure, filed a grievance alleging he was entitled to back pay.
The grievance panel entered its award finding that Molloy was not entitled to back pay and, further, that he should be reclassified to his former lower-paying position. Molloy filed an action in the circuit court seeking to vacate the arbitration award. The trial court granted the relief requested, bottoming its decision on the grounds that the grievance panel was improperly constituted and that the panel exceeded its jurisdiction in reducing Molloy's classification.
This record is devoid of any proper objection by Molloy regarding the composition of the grievance panel or the procedures it employed, nor did Molloy demonstrate any prejudice which satisfies the requirements of section 682.13(1)(d), Florida Statutes (1981), which would justify the vacation of the panel decision determining no entitlement to back pay. Lumbermens Mutual Casualty Co. v. Martin, 399 So.2d 536 (Fla. 3d DCA 1981); Travelers Indemnity Co. v. Walton, 384 So.2d 939 (Fla. 3d DCA 1980); Jess Parrish Memorial Hospital v. Florida Public Employees Relations Commission, 364 So.2d 777 (Fla. 1st DCA 1978).
The trial court correctly determined that the panel exceeded its jurisdiction by ordering in its award a change in Molloy's present classification.
The correctness of Molloy's reclassification was not a necessary sub-issue to Molloy's entitlement to back pay, was not framed by the pleadings, tried by consent, or otherwise put into issue by Dr. Molloy and, therefore, it was error for the grievance panel to decide this issue and reduce Molloy's classification as a result. See § 682.13(1)(c), Fla. Stat. (1981); G & N Construction Co. v. Kirpatovsky, 181 So.2d 664 (Fla. 3d DCA 1966).
The trial court's order is affirmed to the extent that it vacates that portion of the grievance panel's award reducing Molloy's classification and reversed to the extent it grants Molloy a new hearing to reargue his entitlement to back pay.
Affirmed in part; reversed in part.