WARNER, Judge.
This is an appeal of an order of the trial court denying the appehant’s motion pursuant to Florida Rule of Civü Procedure 1.540(b) to vacate a final summary judgment in favor of the appellee because of excusable neglect of the appellant in not attending the hearing. We agree with the appehant that the court erred in denying the motion, and we reverse.
The appellee sued the appellant alleging an open account, for goods sold, and unjust enrichment. Appearing pro se, the appellant denied the allegations of the complaint. The appellee moved for summary judgment and filed an affidavit of proof. The motion was granted and summary judgment was entered. The appellant subsequently filed a motion to vacate together with an affidavit stating that through excusable neglect he was not present at the hearing to argue the motion. The motion for summary judgment had been set for a hearing, and the appellant was notified that it would be before the judge at the Palm Beach County courthouse. Counsel for the appellee would appear by *951 phone. According to the affidavit, the appellant arrived at court early in the morning, found the trial judge’s courtroom, and waited in the courtroom to be called for the hearing. At that hour no one was in the courtroom. Shortly thereafter, a lawyer entering the courtroom asked another lawyer who the appellant was, and then told the appellant to wait for the bailiff. Later the bailiff came in, questioned the appellant, and escorted the appellant to the judge’s office where his judicial assistant informed the appellant that the hearing had already taken place. The appellant was permitted to talk to the judge, at which time the appellant requested that a second call be placed to the appellee’s attorney and that the hearing be conducted anew. The judge refused as he had already told the attorney to prepare the final judgment. The judge told the appellant to file a motion to vacate, which the appellant did. By reconstructed record of the hearing on the motion to vacate, we are apprised that, in the court’s recollection, no oral testimony or written documentary evidence in opposition to the motion to vacate was filed. Nevertheless, the court denied the motion.
Because there was no contrary evidence presented at the hearing on the motion to vacate, the affidavit stands uncontradicted that the appellant was in the judge’s courtroom for the duly noticed hearing but was not present in his chamber due to the appellant’s unfamiliarity with the court procedure. Surely this is no less excusable than a secretarial error in failing to calendar a hearing for an attorney, which has been held to warrant relief pursuant to Rule 1.540(b). Wilson v. Woodward, 602 So.2d 547, 548-49 (Fla. 2d DCA1992). In this case the pro se appellant was dutifully trying to be heard on the matter. Court logistics, not inexcusable neglect, prevented his actual attendance in the inner chamber of the judge for the telephonic hearing.
The appellant also set forth a meritorious defense in opposition to the summary judgment. The appellant contends that he never agreed to be liable individually for bills of the corporation. While he filed no affidavits in opposition to the motion for summary judgment, his defense appears from the face of the pleadings. Although the style of the case is “Geneeo, Inc. v. Leonard Heller, dba Apparel Resources International Ltd. aka Thirty Something,” there is no allegation in the complaint which states the relationship between Leonard Heller and the two entities or that Heller was acting for them. The invoices attached to the complaint show that the merchandise was shipped to:
Thirty Something — Retail
Lenny Heller — Suites E & F
2875 S. Congress Ave.
Del Rey [sic] Beach, FL 33445
The order forms showed that the merchandise would be billed to “Apparel Resources Int.” at the same address, but Heller’s name is not included in billing information. The affidavit in support of the motion for summary judgment offers no proof as to this issue. Further, the appellant denied requests for admissions attempting to establish that the appellant had ordered and agreed to pay for the merchandise. Therefore, the ap-pellee has not shown that it would have been entitled to the summary judgment even if the appellant had appeared at the hearing and argued this issue.
Because the trial court erred in denying the motion to vacate the final judgment, we reverse and remand for farther proceedings consistent with this opinion.
GUNTHER, C.J., and PARIENTE, J., concur.