755 So.2d 695 (1999)
SHURGARD STORAGE CENTERS, INC., Appellant,
v.
Marcelle PARKER, Appellee.
No. 98-4028.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Gail Leverett Parenti of Parenti, Falk, Waas, Hernandez & Cortina, P.A., Coral Gables, for appellant.
Scott A. Mager of Kluger, Peretz, Kaplan & Berlin, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from an order denying appellant's motion to vacate a default and default judgment. We reverse.
The dispute in the instant case arose out of appellee's rental of a Ryder moving van from Shurgard Storage Centers, Inc. in California for a move from there to Florida. During the course of the move from California to Florida, the Ryder van was stolen in Houston, Texas, along with the renter's/appellee's possessions. The renter/ appellee, Marcelle Parker, brought suit against Ryder and Shurgard, alleging, among other things, Shurgard's negligent misrepresentation that all of her household items were covered for any loss when, in fact, the policy covered only up to $25,000 worth of cargo and excluded any loss for theft.
Both Ryder and Shurgard were served with process by service on their resident agent in February 1998. While Ryder moved to dismiss, Shurgard did not file any response. Parker sought and obtained a clerk's default and, ultimately, a default final judgment in her favor against Shurgard in the amount of $122,749.00. Five days later, Shurgard filed a motion to vacate the default and default judgment. After a hearing, the trial court denied the motion to vacate.
We reverse because the affidavits presented to the trial court in support of the motion to vacate demonstrated Shurgard's *696 administrative mishandling and misrouting of the complaint between corporate offices in Denver and Miami such that a clear case of excusable neglect as a result of a system gone awry has been shown.[1]See Nationsbank, N.A. v. Regency Ctrs., Inc., 725 So.2d 439 (Fla. 4th DCA 1999); General Motors Acceptance Corp. v. Thornberry, 629 So.2d 292 (Fla. 3d DCA 1993). This court has previously stated that "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Gateway Am. Bank of Fla. v. Lucky Jet Corp., 720 So.2d 1141, 1142 (Fla. 4th DCA 1998) (quoting Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA), review denied sub nom. Hayslip v. Somero, 476 So.2d 674 (1985)). Additionally, the answer filed with its affirmative defenses, which sets up a dispute as to whether the theft in question was covered, and if covered, permits a loss above the amount of $25,000, supplied a meritorious defense.
REVERSED and REMANDED.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] By contract, Ryder had agreed to indemnify Shurgard with regard to claims such as Parker's. Shurgard initially and timely sent the complaint to Ryder's Miami office as it had done in the past. However, due to Ryder's recent corporate restructuring, the claim should have been sent to Ryder in Denver. A Ryder employee in Miami immediately advised Shurgard of the change in policy and assured Shurgard that she would forward the documents by mail and facsimile to the Denver office. For reasons not clear in the record, Ryder's Denver office did not receive the documents.