PER CURIAM.
Affirmed. See § 682.13, Fla. Stat. (1997); Galbreath v. School Bd. of Broward County, 446 So.2d 1045, 1049 (Fla.1984)(“where the parties[’] collective bargaining agreement reserves to the certified bargaining agent the exclusive right to submit grievances to arbitration, a public employer is not obligated to process an individual’s grievance to arbitration if the certified bargaining agent has declined to advance the grievance”); Metropolitan Dade County v. Molloy, 456 So.2d 1280 (Fla. 3d DCA 1984)(error for grievance panel to decide issue not framed by pleadings, not tried by consent, or not put into issue by grievant); School Board of Seminole County v. Cornelison, 406 So.2d 484 (Fla. 5th DCA 1981)(arbitrator lacks authority to rewrite bargaining agreement and is bound thereby). See, e.g., Raybon v. Burnette, 135 So.2d 228 (Fla. 2d DCA 1961)(litigants en *763 titled to nothing less than cold neutrality from judge).