792 So.2d 677 (2001)
CITY OF PEMBROKE PINES, Florida, Appellant,
v.
Tony ZITNICK, Appellee.
No. 4D01-778.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Michael D. Cirullo, Jr. and James A. Cherof of Josias, Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellant.
Aaron Behar and Charles T. Whitelock of Whitelock & Associates, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The City of Pembroke Pines ("Pembroke") appeals the court order compelling arbitration of a grievance filed by former *678 city firefighter Anthony Zitnick ("Zitnick").
Pembroke raises two points on appeal. First, Pembroke argues the trial court abused its discretion when it denied Pembroke's motion to vacate the order compelling arbitration. Second, Pembroke argues that the trial court erred as a matter of law in entering an arbitration order because the employment relationship between Pembroke and Zitnick is controlled by a collective bargaining agreement (CBA) which retains contractual control over the arbitral step of the grievance procedure. We reverse and vacate the order as to points one and two.
Zitnick was a firefighter for Pembroke and a member of the International Association of Firefighters Union, Local 2292 (IAFF). Zitnick was fired after an investigation into allegations that he falsified materials in a city-sponsored contest. In response, Zitnick filed a grievance under the CBA seeking backpay and reinstatement. The IAFF conducted an independent inquiry and ultimately declined to pursue the matter to arbitration due to a lack of merit. Zitnick was informed of the IAFF's decision by letter.
Zitnick then filed directly with Pembroke. However, Pembroke declined to entertain the grievance citing Article 15 of the CBA. Article 15 states:
. . . .
Step 2 The I.A.F.F. Grievance Committee, upon receiving a written and signed petition, shall within twentyone (21) days determine if a grievance exists. If in their opinion no grievance exists, no further action is necessary.
As a result of the IAFF's refusal to grieve the matter, Zitnick brought the underlying action. After initial postponement, the motion was reset, but due to a scheduling error by Pembroke's attorney, Pembroke was absent from the hearing. The trial court conducted the hearing in its absence and in its order compelling arbitration, expressly acknowledged reviewing memoranda of law submitted by both Pembroke and Zitnick. Pembroke subsequently filed a motion to vacate arguing that its excusable absence from the hearing prevented it from fully advancing their case. The trial court denied the motion.
On appeal, Pembroke asserts that its absence at the hearing was due to excusable neglect, and as such, the trial court judge should have granted the motion to vacate allowing them the opportunity to be heard fully on the matter. We agree.
This Court has recently addressed the issue of excusable neglect in the context of a motion to vacate. See Shurgard Storage Centers, Inc. v. Parker, 755 So.2d 695 (Fla. 4th DCA 1999). In that case we reversed the trial court's denial of a motion to vacate, and in so doing stated that "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Id. at 696 (citing Gateway Am. Bank of Fla. v. Lucky Jet Corp., 720 So.2d 1141, 1142 (Fla. 4th DCA 1998)). Pembroke's timely motion to the trial court alleged that its failure to attend the hearing was solely the result of a secretarial scheduling error. We can think of no circumstance more in the contemplation of our decision in Shurgard than the instant case. We therefore, reverse the trial court's denial of Pembroke's motion to vacate.
On point two, Pembroke claims that the IAFF is a certified bargaining *679 union that has retained control over the grievance procedure; therefore, it is not obligated to submit to arbitration because the union declined to process the grievance because it lacked merit. We agree.
Where a certified bargaining agent retains contractual control over the arbitral step of the grievance procedure and it declines to process a grievance to arbitration because it believes the grievance to be without merit, the public employer is not obligated to arbitrate the dispute if the grievant submits it to arbitration directly. See Galbreath v. Sch. Bd. of Broward County, 446 So.2d 1045 (Fla.1984).
In the case at bar, the language of Article 15 of the CBA is clearthe IAFF has retained control over the grievance process. Moreover, the correspondence between Zitnick and the IAFF demonstrates that the IAFF determined that Zitnick's claim lacked merit. Therefore, in accordance with the holding of Galbreath, we reverse and vacate the trial court's order compelling arbitration.
REVERSED AND VACATED.
GUNTHER, FARMER and HAZOURI, JJ., concur.