PER CURIAM.
The City of Boynton Beach (the City”) appeals a non-final order compelling it to arbitrate the grievance of its former employee, Patrick Taylor, pursuant to the grievance procedure set out in the collective bargaining agreement (the “CBA”) between the City and Taylor’s Union. The dispositive issue is whether the grievance procedure of the CBA retains in the Union contractual control over the arbitral step or whether it allows the grievant to request arbitration independent of the Union. Because we determine that the griev- *1040 anee procedure retains in the Union contractual control over the arbitral step and the Union declined to request arbitration of the grievance, we reverse. City of Pembroke Pines v. Zitnick, 792 So.2d 677 (Fla. 4th DCA 2001); Galbreath v. Sch. Bd. of Broward County, 446 So.2d 1045 (Fla.1984).
The grievance procedure is set out in Article 38 of the CBA, the relevant provisions of which are as follows:
Section 1. Grievances or disputes which may arise, including the interpretation of this Agreement, shall be settled in the following manner:
Step 1. The aggrieved employee shall within six (6) business days of the occurrence which gave rise to the grievance, submit a letter and signed petition to the Union Grievance Committee. The Union Grievance Committee shall determine if a grievance exists. If in its opinion no grievance exists, no further action is necessary.
Step 2. If a grievance does exist, the Committee shall within fifteen (15) business days of the event giving rise to the grievance, with the physical presence of the aggrieved employee, present the grievance to the Chief or his designee for adjustment.
Step S. If the grievance has not been settled within five (5) business days from the date of submission to the Chief or his designee, the grievance may then be submitted to the City Manager for adjustment. The City Manager, prior to making a decision on the grievance, may conduct a predetermination conference and require the grievant to submit to an inquiry regarding the substance of the grievance. The City Manager may be assisted by the City Attorney. The grievant may be assisted by a Union representative or counsel of his/her choice. In the case of grievances involving disciplinary action, all matters in defense, or in mitigation of the proposed disciplinary action known at the time by the grievant, should be raised by the grievant.
Step A If the grievance has not been settled by the City Manager within ten (10) business days from the date of the predetermination conference, the grievance may then be submitted to arbitration.
Step 5. If the grievance has not been satisfactorily resolved within the above procedure, the Union may request a review by an impartial arbitrator, provided such request is filed in writing.... [1]
The City discharged Taylor from his employment as a fire fighter. Electing to follow the grievance procedure set out above, Taylor complied with Step 1. The Union Grievance Committee complied with Step 2, but after the grievance was denied by the City Fire Chief, the Union notified Taylor that it had elected not to proceed further through the grievance procedure to arbitration. Taylor then sought to proceed independently to Step 3 (City Manager Review) but was rebuffed.
Taylor subsequently filed this action, one count of which sought a declaration that he had the right under the CBA to request arbitration under Step 4 on his own and without Union involvement. The trial court granted Taylor’s motion for summary judgment on this count and ordered the City to arbitrate the grievance.
The City relies on City of Pembroke Pines v. Zitnick, 792 So.2d 677 (Fla. 4th *1041 DCA 2001), to argue that Taylor had no right to seek arbitration after the Union declined to advance his claim. In Zitnick this court reversed an order compelling arbitration upon concluding that the Union was a certified bargaining agent that retained control over the grievance procedure. The Union had declined to process the grievance because it lacked merit.
Zitnick found controlling the supreme court’s decision in Galbreath. In Gal-breath the supreme court reasoned that a Union’s right to exclusivity over the administration of a collective bargaining agreement includes not only the right to settle a grievance short of arbitration, but also the right to decline to process a grievance when it believes the grievance lacks merit. 446 So.2d at 1045. According to Zitnick and Galbreath, the key is whether the Union retained control over the grievance procedure. We reject Taylor’s argument that the language of his CBA specifically provides that the employee has a right to proceed on his own or with private counsel without active participation by the Union. While Taylor acknowledges that the Union has the exclusive right to proceed with steps 1 and 2, to determine if a grievance exists, and to proceed with step 5 to arbitrate, he contends that steps 3 and 4 allow the grievant and his private counsel, if they so choose, to proceed to arbitration. Taylor argues that when read in context of the overall grievance procedure, Step 5 was intended to allow the Union to proceed to arbitration if it was dissatisfied with the outcome achieved or negotiated by the individual grievant and his private counsel in steps 3 and/or 4.
The City aptly points out that Taylor’s interpretation, if accepted, would permit Taylor to arbitrate his grievance pursuant to Step 4 and then, if the Union was not satisfied with the outcome, it could utilize Step 5 to require the public employer to again arbitrate the grievance. Such an interpretation, exposing the public employer to arbitrating the same grievance twice, contravenes the public policy considerations addressed in Galbreath and Zitnick.
Galbreath was not merely concerned with the potential for harassment if arbitration can be compelled by an employee in a situation in which those who negotiated the CBA deemed such proceedings unwarranted. Galbreath also recognized that unnecessary arbitration causes the outlay of significant public funds and therefore the settlement tool provided by contract to avoid such excess expense would be undermined.
In sum, we find the applicable language of the CBA to be clear. Indeed, Taylor does not suggest that the language is ambiguous. Though the language of Steps 3 and 4 does not state explicitly that either of these Steps in the grievance procedure is under the exclusive control of the Union, we have no hesitancy in concluding that such is the logical construction of the procedure as a whole. Indeed, this is made especially clear when Step 5 is properly viewed as setting out the mechanism for activating the arbitration provision of Step 4, rather than as a second arbitration option as Taylor advocates.
We reverse the order compelling the City to arbitrate Taylor’s grievance and direct that judgment be entered for the City on this count of the third amended complaint.
FARMER, KLEIN, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.

. The balance of Step 5 sets out details on selection of an arbitrator and agreeing on the matter to be arbitrated.