OWEN, WILLIAM C., JR., Senior Judge.
Michael DeSantis, a twenty-year employee of The City of Pembroke Pines (the “City”), in his own behalf petitioned for an order compelling the City to arbitrate his grievance pursuant to the provisions of the Collective Bargaining Agreement (CBA) between his union — the International Association of Fire Fighters — and the City. His amended petition alleged that the Union had processed the grievance and had authorized him to request arbitration. The City’s motion to dismiss was denied and the City now appeals the non-final order compelling it to submit the grievance to arbitration. We reverse with directions.
In City of Pembroke Pines v. Zitnick, 792 So.2d 677 (Fla. 4th DCA 2001) this court considered the identical CBA and construed its language as retaining in the certified bargaining agent (the union) contractual control over the grievance process. We there held:
Where a certified bargaining agent retains contractual control over the arbi-tral step of the grievance procedure and it declines to process a grievance to arbitration because it believes the grievance to be without merit, the public employer is not obligated to arbitrate the dispute if the grievant submits it to arbitration directly. See Galbreath v. Sch. Bd. of Broward County, 446 So.2d 1045 (Fla.1984), appeal dismissed, 469 U.S. 801, 105 S.Ct. 55, 83 L.Ed.2d 6 (1984).
Id. at 679.
Our holding in Zitnick, that under the terms of the CBA the union retained control of the grievance process, is dispositive of this appeal. DeSantis argues, however, that Zitnick is not applicable because there the union declined to pursue the matter to arbitration due to its lack of merit, whereas here the union supported DeSantis and authorized him to request arbitration. That claimed factual *1200 distinction, disputed on this record,[1] is nonetheless completely irrelevant to the present posture of this case.
The union’s contractual control over the grievance process extends to and includes the arbitral step. That step involves not merely making a request for arbitration but, where the public employer does not accede to such request, also seeking and obtaining an order compelling arbitration. The public policy considerations which the Supreme Court took into account in deciding Galbreath included the benefit to the public employer of being required to arbitrate grievances of union members employees only at the request of the union. Such a requirement not only increases the likelihood that grievances lacking merit will be screened out, but also protects the public employer from the risk that, by dealing directly with an employee submitting his or her own grievance, it could violate or interfere with the union’s right to exclusive representation. Thus, the determination of whether to request arbitration is a significant part of the union’s responsibility in exercising its contractual control over the grievance procedure. It is a determination that should not be lightly made and one that may not be delegated to another.
In sum, we conclude and so hold that where the union has initiated the grievance process on behalf of the public employee the arbitral step (including, if necessary the obtaining of an order compelling arbitration), if requested at all, must be undertaken by the union as part of the responsibilities of its exclusive representation. It cannot avoid that responsibility to its members or to the public employer by simply authorizing the grievant to request arbitration. Without dispute, it was not the union but DeSantis, individually, who filed the petition for, and obtained, the order compelling arbitration.
The order appealed is reversed with directions that the motion to dismiss be granted. The court, in its discretion, may grant leave to further amend the petition.
REVERSED and REMANDED.
GUNTHER, J., concurs.
POLEN, C.J., dissents with opinion.

. While the amended petition alleges union support of DeSantis' grievance, an affidavit attached to the amended petition states that DeSantis was authorized by the union to pursue the grievance at his own expense, clearly implying that the union was not pursuing the grievance. The exhibit became part of the pleading and, because it facially negates the cause of action asserted, it must be considered in determining a motion to dismiss. Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240 (Fla.2000). Furthermore, notwithstanding that the matter was before the court on a motion to dismiss, the court permitted counsel, by unsworn statement, to bolster or dispute the factual allegations of the amended petition. See Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).