903 So.2d 1008 (2005)
Gloria M. GIRON n/k/a Gloria Pauls, Appellant,
v.
FAIRWAYS OF SUNRISE HOMEOWNERS' ASSOCIATION, INC., Appellee.
No. 4D04-3108.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Richard R. Michelson of Richard R. Michelson, P.A., Plantation, for appellant.
Helene Hvizd Morris, West Palm Beach, and Lawrence A. Shendell of Shendell & Associates, P.A., Lighthouse Point, for appellee.
*1009 PER CURIAM.
We reverse the order denying the motion to set aside the final judgment, entered after appellant failed to attend a calendar call and non-jury trial set six days after the calendar call. Appellant had actively litigated the case for three years. Appellant demonstrated excusable neglect and a meritorious defense. See City of Pembroke Pines v. Zitnick, 792 So.2d 677, 678 (Fla. 4th DCA 2001) (reversing denial of motion to set aside order compelling arbitration where counsel's failure to attend hearing was result of secretarial scheduling error); Shurgard Storage Ctrs., Inc. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999) (finding that company's administrative mishandling and misrouting of complaint between offices was a "clear case" of excusable neglect); Al Hendrickson Toyota, Inc. v. Yampolsky, 695 So.2d 948 (Fla. 4th DCA 1997) ("[T]he established case law deems that calendaring errors are regarded as excusable neglect."); Heller v. Geneco, Inc., 661 So.2d 950, 951 (Fla. 4th DCA 1995) (commenting that a "secretarial error in failing to calendar a hearing for an attorney" warrants relief under Rule 1.540(b)); Hall v. Byington, 421 So.2d 817, 818 (Fla. 4th DCA 1982) (noting that an attorney's failure to note the date properly on his calendar is recognized as excusable neglect); Supro Corp. v. Bridwell, 361 So.2d 734, 735 (Fla. 4th DCA 1978) (concluding that counsel's failure to appear at trial because his file had been misplaced demonstrates excusable neglect); Travelers Ins. Co. v. Bryson, 341 So.2d 1013, 1015 (Fla. 4th DCA 1977) (counsel who failed to properly note on calendar the date of a hearing demonstrated excusable neglect, as "[c]ounsel's absence from the hearing was a mistake, or inadvertent or excusable neglect"); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379, 380-81 (Fla. 4th DCA 1971) (concluding that attorney's failure to attend a pretrial conference which was caused by secretary's failure to diary the hearing is excusable neglect); Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992) (party demonstrated excusable neglect for failure to attend hearing, where attorney's secretary did not calendar the hearing pursuant to a notice of hearing). We note that this appeal, and the resulting delay, might have been avoided had appellee's trial counsel demonstrated professionalism by calling his adversary, who failed to attend the calendar call, before the trial.
STEVENSON, SHAHOOD and GROSS, JJ., concur.