SUAREZ, J.
The Fraternal Order of Police [“FOP”] appeals from an order vacating in part an arbitration award. We affirm. The trial court’s order correctly finds that the arbitrator’s award was in excess of his jurisdiction.
The FOP filed a grievance solely on behalf of Andrew Markowitz, a police officer with the City of Miami, pursuant to the collective bargaining agreement [“CBA”] between the FOP and the City. The grievance claimed that the City was required to provide but denied ‘light duty” work to Markowitz as he recovered from an off-duty injury. The FOP, on behalf of Markowitz, went through each step of the grievance procedure as set forth in the CBA, and the City denied Markowitz relief at each step. Subsequent to the City’s final denial, the FOP requested arbitration pursuant to the provisions of the CBA. At the beginning of the arbitration hearing, the FOP brought in several officers to testify claiming that each of these officers, as well as others, had also been denied light duty by the City after an off-duty injury. The FOP claimed that, as such, the arbitration was being brought as a class action on behalf of these and other similarly situated officers. The City objected to inclusion of any other aggrieved party, and argued that it had never been advised that the FOP was seeking relief as a class action grievance on behalf of other similarly affected FOP members. The FOP claimed that the City had verbal notice that the arbitration was being brought as a class action and that the City had agreed to it. The arbitrator concluded that the Markowitz grievance should be considered a class action and proceeded to take testimony. The arbitrator entered an award granting relief to all FOP members who were injured off duty without regard to length of time of light duty, and awarded benefits not requested by Markowitz, including reinstatement. The arbitrator denied the City’s request for reconsideration. The City then filed a petition in *111 circuit court to vacate or modify in part the award pursuant to sections 682.13(l)(c) and 682.14(l)(b), Florida Statutes (2009), claiming that the arbitrator exceeded his authority by converting the Markowitz grievance into a class action. After hearing argument and reviewing the record, the trial court agreed and vacated those aspects of the award that gave damages to any party other than Markowitz, finding that the arbitrator had exceeded the scope of his authority. This appeal followed and we affirm.
The FOP failed to bring the grievance as a class action by failing to reduce the demand to writing as the CBA requires. Nothing in the CBA-required Election of Remedy form put the City on notice that the arbitration would proceed as a class action. The Election of Remedy was brought solely on behalf of Markowitz. Notwithstanding the FOP’s assertion that there was an oral agreement, no provision of the CBA allows for oral notification of any form of grievance. To the contrary, paragraph 6.8 of the CBA expressly provides that the parties must mutually agree in writing as to the statement of the matter to be arbitrated prior to a hearing. The only written claim was brought by the FOP on behalf of Markowitz. Paragraph 6.8 additionally provides that the arbitrator has no authority to modify or rewrite the agreement and he is bound by it. See Sch. Bd. of Seminole County v. Comelison, 406 So.2d 484 (Fla. 5th DCA 1981) (holding that an arbitrator lacks the authority to revise an agreement in a manner the parties did not contemplate and to which they did not assent); see also Metro. Dade Cnty. v. Molloy, 456 So.2d 1280 (Fla. 3d DCA 1984) (finding it error for a grievance panel to decide an issue not framed by pleadings, not tried by consent, or not put into issue by the grievant).
Therefore, we entirely agree with the trial court’s ruling, that “[t]he arbitrator in this case exceeded his power in expanding the grievance filed in writing exclusively on behalf of Markowitz by the FOP to include not only bargaining unit members who testified at the hearing, but anyone who was denied light duty because the injury or illness occurred off duty,” and by awarding “damages beyond the parameters of the Markowitz grievance and in excess of what was requested in the Mar-kowitz grievance form.”
Affirmed.