PER CURIAM.
Ezacuras Dawson, defendant-appellant, seeks reversal of his conviction for burglary of a dwelling and grand larceny, and sentences of 15 years imprisonment at hard labor on the burglary count and consecutive 5 years imprisonment at hard labor as to the grand larceny count.
Dawson first contends that the evidence adduced at trial was insufficient to sustain the conviction for grand larceny because the prosecution failed to prove that the market value of the property at the time of taking was $100 or more.
While market value at the time of the theft is the proper test, purchase price and other circumstances can be sufficient evidence of the market value in the appropriate case. Pickles v. State, 313 So.2d 715 (Fla.1975).
Upon being questioned with respect to the market value of the items stolen (a bicycle, television, clock-radio, watch, and turntable), the victim testified that her bicycle was bought for about $60 and she added improvements bringing the market value of the bike to approximately $70; she purchased her television at an auction for $35 but it actually was worth more; the radio was purchased for $60 and was in good working condition; she valued her watch and turntable to be worth $30 and $100 respectively at the time of the theft. Thus, we conclude that there was ample sufficient evidence presented to prove that the market value of the property at the time of the taking exceeded $100.
Defendant Dawson also argues that the “at hard labor” portion of the sentences is erroneous. We agree and strike the words “at hard labor” from each of the sentences. See McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975).
In all other respects the conviction and sentences are affirmed.