PER CURIAM.
Javier Morejon brings these consolidated appeals from a conviction and sentence for first degree murder, four counts of attempted first degree murder, and revocation of probation in two other prior cases.
*1101 The defendant was indicted in December, 1975 for first degree murder and attempted first degree murder, growing out of an incident, at the school where the defendant was a student, involving the defendant going through the school shooting at and hitting several victims. On December 12, 1975 the defendant was adjudicated incompetent and thereupon committed to the Division of Mental Health, but thereafter adjudicated competent at hearings conducting on August 27, and November 8, 1976. A jury trial resulted in a life sentence (minimum of 25 years) on Count I and 30-year consecutive terms of imprisonment on Counts II through V, respectively. Also, probation was revoked in two prior cases and the defendant was sentenced to 15 years in each case, which sentences were to be served prior to the beginning of the sentences imposed at trial; the sentences were all to be “at hard labor”.
The appellant contends: (1) That the evidence was not sufficient to support a finding that he was presently competent to stand trial, and that the judge placed the burden of proof on the wrong party. (2) That it was error not to grant a mistrial and to permit evidence to be introduced that the defendant was a drug dealer and a thief, in that such evidence concerned another distinct crime committed by the defendant. (3) That it was error to permit testimony to be introduced concerning the defendant’s religious beliefs and to deny a motion for mistrial after a witness testified that the defendant was the follower of a particular religion in Cuba and that in his own mind (i. e., the mind of the witness) religion “... has a big relation to this whole deal”. (4) That it was error to sentence the defendant to 15-year consecutive sentences on probation violations where the order granting probation limited the potential sentence to three years, citing Troupe v. Rowe, 283 So.2d 857 (1973). (5) That the term “hard labor” should be stricken from all sentences. See: Page v. State, 376 So.2d 901 (Fla.2d DCA 1979).
We find no merit in any of the appellant’s points, except the last, for the following reasons: (1) There was no error in finding the defendant competent to stand trial. Although the record in the trial court indicates a split of opinion from the medical witnesses concerning the defendant’s legal competency to stand trial, the record does support the trial court’s determination that the preponderance of the evidence established that the defendant was legally competent to stand trial.[1] Pressley v. State, 261 S.2d 522 (Fla.3d DCA 1972); Julious v. State, 271 So.2d 807 (Fla.3d DCA 1973); Rojas v. State, 296 So.2d 627 (Fla.3d DCA 1974). (2) There was no error in admitting into evidence testimony that the defendant was a drug dealer, nor was it error to refuse to grant a mistrial with regard to this matter. The testimony was offered, not to show the defendant’s bad character or criminal propensities but, rather, to show the defendant’s state of mind at the time he committed the crimes. Williams v. State, 110 So.2d 654 (Fla.1959); Gordan v. State, 288 So.2d 295 (Fla. 4th DCA 1974); Blake v. State, 336 So.2d 454 (Fla.3d DCA 1976). (3) There was no error in admitting testimony concerning the defendant’s “religious” beliefs and in denying a mistrial predicated thereon. The testimony of a witness to the effect that the defendant had stated that men should settle their differences “in blood” was relevant as probative of the defendant’s motive, intent or state of mind. Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Williams v. State, supra; Mackiewicz v. State, 114 So.2d 684 (Fla.1959). (4) There was no error in the 15-year consecutive sentences imposed upon the revocation of the defendant’s probation. As stated in the case of State v. Segarra, 388 So.2d 1017 (Fla.1980), “When a defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation the court can sentence him to a term in excess of the provi *1102 sions of the original bargain”.[2] (5) As to the sentence at “hard labor”, this was clearly erroneous. Dawson v. State, 360 So.2d 57 (Fla.3d DCA 1978); Flaugher v. State, 373 So.2d 385 (Fla. 4th DCA 1979); Page v. State, 376 So.2d 901 (Fla.2d DCA 1979).
We therefore strike from each of the sentences the words “at hard labor”, and affirm the conviction and sentences as modified.
Affirmed as modified.

. See: Hartford Fire Insurance Company v. Brown, 60 Fla. 83, 53 So. 838 (1910), pages 90, 91; Compare, Gulf Heating and Refrigeration Company, Inc. v. Iowa Mutual Insurance Company, 193 So.2d 4 (Fla. 1966).

. Furthermore, an amended order on the defendant’s probation (December 21, 1970) contains no such three-year sentencing cap.