682 So.2d 226 (1996)
PEMBROKE INDUSTRIAL PARK PARTNERSHIP, Appellant,
v.
JAZAYRI CONSTRUCTION, INC., Appellee.
No. 96-1298.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Engels, Pertnoy, Solowsky & Allen, and Richard Allen, and Alfred I. Hopkins, Miami, for appellant.
Semet, Lickstein, Morgenstern, Berger, Friend, Brooke & Gordon, and Deborah E. Leder, Coral Gables, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
Appellant, Pembroke Industrial Park Partnership ("Pembroke"), appeals an adverse summary judgment finding that its demand for arbitration was time-barred. We reverse because the issue of timeliness was a matter to be determined by arbitration, not the circuit court.
Pembroke contracted with appellee, Jazayri Construction, Inc. ("Jazayri"), to build a warehouse. The warehouse was completed in 1990. In 1992, Pembroke discovered roof problems and thereafter determined that the roofing material and installation were defective.
*227 In November of 1995, Pembroke filed a demand for arbitration seeking damages for the defective roofing material and installation. This demand was made pursuant to the parties' contract.
Jazayri then filed suit to enjoin the arbitration proceedings alleging they were time-barred by the four-year statute of limitations. Pembroke responded that the construction contract provided for arbitration where demand was "made within a reasonable time after the dispute had arisen," thus the issue of timeliness was a matter to be determined by arbitration. The trial court enjoined the arbitration proceedings as time-barred.
The trial court erred in enjoining arbitration because the issue of whether the demand for arbitration was timely is a question of fact for the arbitrator to decide, not the trial court. See Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681 (Fla. 5th DCA 1992), rev. denied, 614 So.2d 502 (Fla.1993); Public Health Trust of Dade County v. M.R. Harrison Const. Corp., 415 So.2d 756 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 737 (Fla.1983); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982). Accordingly, we reverse the summary judgment below with directions to dismiss the complaint for injunction and allow Pembroke to proceed to arbitration. Our decision that the complaint must be dismissed renders it unnecessary to reach Pembroke's remaining issues on appeal.
Reversed and remanded with directions.