740 So.2d 1258 (1999)
James HOLMAN, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Nos. 99-1397, 76-426.
District Court of Appeal of Florida, Third District.
September 13, 1999.
Rehearing Denied October 13, 1999.
James Holman, Jr., in proper person.
Robert A. Butterworth, Attorney General and Jill L. Traina, Assistant Attorney General, for appellee.
BEFORE GERSTEN, GREEN, and SORONDO, JJ.
GREEN, J.
This is an appeal from the denial of the appellant's motion to correct illegal sentence filed pursuant to Florida Rules of Criminal Procedure 3.800(a). Of the several grounds raised by the appellant in his motion, we find only one to be meritorious.
In 1976, the appellant was convicted of burglary with an assault, robbery and aggravated battery, all of which offenses were committed on June 17, 1975. The trial court imposed the condition of hard labor as part of the appellant's imprisonment sentences. The appellant argues in his 3.800(a) motion that this condition of hard labor was illegal. We agree.
As the second district pointed out in Burney v. State, 705 So.2d 90, 90 (Fla. 2d DCA 1997), effective July 2, 1970, Chapter 70-340, section 180, Laws of Florida, repealed chapter 922, which had authorized a sentence to hard labor. Thus, where the appellant's commission of the charged offenses occurred in 1975, the requirement of hard labor constitutes an illegal condition of his sentence. See Zygadlo v. State, 676 So.2d 1015, 1017 (Fla. 5th DCA 1996); see also Dawson v. State, 360 So.2d 57, 58 (Fla. 3d DCA 1978); McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975). We therefore affirm the appellant's convictions and imprisonment sentences but remand with instructions that the hard labor condition of his sentence be stricken.
Affirmed in part and remanded in part with directions.