816 So.2d 813 (2002)
CED CONSTRUCTION, INC., Appellant,
v.
KAISER-TAULBEE ASSOCIATES, INC., etc., et al., Appellee.
No. 5D01-1981.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
Christopher J. Weiss, Suzanne E. Gilbert and Kathy Webb-Harris of Holland & Knight LLP, Orlando, and Steven L. Brannock, Holland & Knight LLP, Tampa, for Appellant.
Lilburn R. Railey, III and Mark S. Reisinger of Wright, Railey & Harding, P. A., Orlando, for Appellee.
ORFINGER, R.B., J.
CED Construction, Inc. (CED) appeals a final summary judgment in favor of Kaiser-Taulbee Associates, Inc. (KTA)[1] finding that CED's demand for arbitration was time-barred. We reverse because the issue of timeliness was a matter to be determined by arbitration, not the circuit court.
CED contracted with Fugelberg Koch Architects (FKA) to design a series of apartment complexes for CED throughout Florida. As part of its design work, FKA subcontracted with KTA to design the plumbing, HVAC, and electrical systems in the apartment complexes. In 1994, CED discovered ventilation or "back drafting"[2] problems with the gas appliances in some of the apartments, and began to investigate the cause of the problem. CED ultimately concluded that the "back drafting" problem was caused by a design flaw.
In December, 1998, CED filed a demand for arbitration, seeking damages against FKA and the general contractor. FKA then sought arbitration against KTA on its subcontract. CED and FKA settled their dispute, and FKA assigned its claims against KTA to CED. KTA then filed suit in circuit court seeking a determination that CED's claims were barred by the statute of limitations. CED responded by moving to dismiss the action, asserting that the arbitrators, not the trial court, should determine the question of whether the statute of limitations barred arbitration of the dispute. In the alternative, CED sought a determination that the statute of limitations had not run. The trial court determined that CED's claims were time-barred, and entered a final judgment enjoining the arbitration. We reverse.
*814 The issue of whether the demand for arbitration was timely is a question of fact to be decided by arbitration, not the trial court. Pembroke Indus. Park P'ship v. Jazayri Constr., Inc., 682 So.2d 226, 227 (Fla. 3d DCA 1996); Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681, 683 (Fla. 5th DCA 1992).
While conceding that to be the general rule, KTA argues that the final judgment should be affirmed because CED waived its right to compel arbitration by acting inconsistently with the exercise of that right. In this regard, KTA asserts that CED waived its right to seek dismissal based on the arbitration provision because CED's motion to dismiss also asserted that its claims were not time-barred. We disagree. While a party's active participation in litigation can constitute a waiver of that party's contractual right to arbitrate, here, CED's only participation in the lawsuit was the filing of a motion to dismiss. This motion was CED's first opportunity to raise the issue of mandatory arbitration. That CED simultaneously raised other grounds is of no consequence, and does not constitute a waiver. See Duckworth v. Plant, 697 So.2d 1257 (Fla. 5th DCA 1997).
In summary, the trial court erred in allowing KTA to proceed in circuit court in violation of the mandatory arbitration provision set forth in the parties' contract. Accordingly, we reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] Kaise-Taulbee Associates, Inc. is now known as KTD Consulting Engineers, Inc.
[2] In this context, "back drafting" occurs when gas appliances in an apartment unit are not properly ventilated resulting in a potentially dangerous buildup of gas or the byproducts of gas combustion in the apartment.