894 So.2d 302 (2005)
Robert A. LYKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1155.
District Court of Appeal of Florida, Third District.
February 23, 2005.
*303 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.

ON REHEARING GRANTED
WELLS, Judge.
This cause is before us on the State's motion for rehearing en banc which we treat as including a motion for rehearing. See Romero v. State, 870 So.2d 816, 818 (Fla.2004). We deny the motion for rehearing en banc, but grant rehearing, withdraw the opinion issued on April 7, 2004, and substitute the following.
We agree with defendant's contention, and the State's concession, that the trial court erred in denying the motion to strike the condition of hard labor imposed as part of the defendant's sentence. Hard labor is an illegal condition of this sentence. See Holman v. State, 740 So.2d 1258 (Fla. 3d DCA 1999). Accordingly, we remand with directions to strike that condition.
As to defendant's constitutional attack on his sentence as violating the prohibition against cruel and/or unusual punishment, while we sympathize with the defendant's argument that the sentence imposed was disproportionate to the crime for which he was convicted, we agree with the Fourth District's observation in State v. Spriggs, 754 So.2d 84, 84 (Fla. 4th DCA 2000), that "[a] rule 3.800(a) motion to correct an illegal sentence is not the proper vehicle for challenging a sentence on the basis that it violates the constitutional prohibition against cruel and unusual punishment." Since we see no other basis on which relief may be granted, we affirm the denial of defendant's 3.800 motion except as otherwise stated herein.
Reversed in part and remanded.