968 So.2d 46 (2007)
Thierry Albert THENET, Appellant,
v.
Ken JENNE, Sheriff of Broward County, and Broward Sheriff's Office, Appellees.
No. 4D06-4916.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
Rehearing Denied December 6, 2007.
Robert C. Gindel, Jr. of Robert C. Gindel, Jr., P.A., West Palm Beach, for appellant.
Carmen Rodriguez of Law Offices of Carmen Rodriguez, P.A., Miami, for appellees.
PER CURIAM.
After the sheriff terminated Thierry Thenet, a career deputy with the Broward Sheriff's Office, Thenet filed a request for an arbitration panel under the applicable collective bargaining agreement. Later, Thenet filed suit in the circuit court to compel arbitration. The circuit court granted the sheriff's motion to dismiss, holding that Thenet's request was untimely.
We reverse because the issue of timeliness was a question for an arbitrator. See Alderman v. City of Jacksonville, Fire & Rescue Div., 902 So.2d 885, 887 (Fla. 1st DCA 2005) ("[Q]uestions of timeliness are to be decided by an arbitrator, not a trial court. This is true even if the time requirement for arbitration is labeled a condition *47 precedent"); Pembroke Indus. Park P'ship v. Jazayri Constr., Inc., 682 So.2d 226, 227 (Fla. 3d DCA 1996) ("[T]he issue of whether the demand for arbitration was timely is a question of fact for the arbitrator to decide, not the trial court."); CED Constr., Inc. v. Kaiser-Taulbee Assocs., 816 So.2d 813 (Fla. 5th DCA 2002) ("The issue of whether the demand for arbitration was timely is a question of fact to be decided by arbitration, not the trial court."); see also O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd., 944 So.2d 181, 188 (Fla.2006) (holding that a statute of limitations defense was to be decided by the arbitrator).
STONE, POLEN and GROSS, JJ., concur.