PER CURIAM.
In this appeal of an order denying his rule 3.800(a) motion, the defendant asserts that his forty-year consecutive sentences on two counts of robbery were illegal because his co-defendant, who was tried by jury along with him and convicted of the same crimes, received only fifteen-year concurrent sentences. He also contends that the trial court improperly imposed consecutive sentences for the two robbery counts because they occurred in the same criminal episode without any temporal break.
Whether a defendant’s sentence is disproportionate as compared to his co-defendant’s sentence is not cognizable in a rule 3.800(a) motion. See Fernandez v. State, 910 So.2d 352 (Fla. 3d DCA 2005) (citing Lykins v. State, 894 So.2d 302, 303 (Fla. 3d DCA 2005)). Furthermore, consecutive sentences for the two robbery counts committed in the same criminal episode were not illegal. See § 921.16, Fla. Stat. (1973) (“A defendant convicted of two or more offenses charged in the same ... information ... shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.”) (emphasis added); Almendares v. State, 916 So.2d 29 (Fla. 4th DCA 2005) (explaining that the exception, precluding the imposition of consecutive sentences under various enhancement statutes for offenses occurring in a single criminal episode, does not apply if the defendant was not sentenced pursuant to a sentencing enhancement statute).

Affirmed.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.