MAY, J.
The ex-wife of the Grantor of a trust appeals an order dismissing her Petition for Construction of Trust Instrument. She argues the trial court erred in ruling on the Successor Trustee’s motion to dismiss after having compelled arbitration, pursuant to a provision of the trust. We agree and reverse.
The Grantor set up a living trust, naming himself as Trustee and his current wife as Successor Trustee. When the Grantor died, his current wife was appointed personal representative of his estate, and became the Successor Trustee. The two named beneficiaries were the current wife and the Grantor’s son from his prior marriage.
The Grantor’s son passed away three months after the Grantor. The ex-wife was appointed personal representative of her son’s estate. A dispute arose between the Successor Trustee and the ex-wife over distribution provisions in the trust instrument.
The ex-wife filed a Petition for Construction of Trust Instrument. The petition alleged that it was unclear whether the son’s estate was entitled to the half-share of the residue when he survived the death of the Grantor, but died during the time the Successor Trustee deferred distribution of the residual trust estate.
In response, the Successor Trustee filed a Motion to Compel Arbitration, pursuant to a provision in the trust instrument. The trial court granted the motion to compel. Six months later, the Successor Trustee filed a Motion to Dismiss with Prejudice and Bar any Further Related Claims in Arbitration. She alleged the ex-wife had failed to take any action since the court compelled arbitration. The ex-wife had not filed a request for arbitration, provided any names of potential arbitrators, or attempted to schedule arbitration.
The Successor Trustee complained that the ex-wife was preventing her from winding down the Grantor’s affairs. As a result of the ex-wife’s inaction, the Successor Trustee claimed she was unable to file tax returns and disburse assets, and she had suffered hardship and mental anguish. She argued that dismissal was her only remedy.
The trial judge conducted a hearing. The ex-wife conceded that she had not filed for arbitration until just prior to the hearing. She explained that she had been involved with another probate matter, which had been only recently resolved. She argued that the trust did not require that the arbitration occur within a certain time and that the timeliness issue should be heard by an arbitrator, not the trial judge.
The Successor Trustee urged the trial court to grant the motion to dismiss because filing for arbitration eight months after the court compelled arbitration was unreasonable. Without articulating a basis for its decision, the trial court dismissed the ex-wife’s petition with prejudice. From this order, the ex-wife has appealed.
The ex-wife argues the trial court erred in dismissing her petition because a delay in giving notice of arbitration is a question of fact to be decided by an arbitrator, not the trial court. She also argues that the delay did not constitute a waiver to arbitration. Neither the trust’s arbitration provision nor the court’s order compelling arbitration specified a time period within which to arbitrate the dispute. Her letter to the American Arbitration Association demanding arbitration was made well within the five-year statute of limitations provided by section 95.11(2)(b), Florida Statutes (2011). Lastly, she argues the *1068 order compelling arbitration divested the trial court of jurisdiction.
We have de novo review. See Equity Premium Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257, 1259 (Fla. 4th DCA 2007) (citing MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004)).
Courts favor arbitration as an alternative to litigation. See, e.g., Seifert v. U.S. Home Corp., 750 So.2d 638, 636 (Fla.1999); Pub. Health Trust of Dade Cnty. v. M.R. Harrison Constr. Corp., 415 So.2d 756, 758 (Fla. 3d DCA 1982). In deciding a motion to compel arbitration, a trial court is restricted to three issues: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert, 750 So.2d at 636; § 682.03, Fla. Stat. (2012).
Once those issues are determined, “ 'permitting the parties to litigate the dispute in the courts instead of proceeding by arbitration as agreed would constitute a departure from the essential requirements of law.’ ” N. Am. Van Lines v. Collyer, 616 So.2d 177, 178 (Fla. 5th DCA 1993) (citing Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980)). Timeliness of a demand for arbitration is a fact question reserved for an arbitrator, not the trial judge. Thenet v. Jenne, 968 So.2d 46, 46 (Fla. 4th DCA 2007). Delay does not waive arbitration. Alderman v. City of Jacksonville, Fire & Rescue Div., 902 So.2d 885, 887 (Fla. 1st DCA 2005).
Here, the parties did not dispute the validity of the trust or the existence of an arbitrable issue. The Successor Trustee did not argue that the ex-wife waived her right to arbitration by petitioning the court to construct the trust instrument. Procedurally, the trust only required that the arbitrator “be a practicing lawyer” with ten years of experience primarily devoted to wills and trusts. It did not require that the demand for arbitration be made within a specific or reasonable time period.
Once the trial court granted the Motion to Compel Arbitration, factual issues other than the three Seifert issues, including the timeliness in initiating the arbitration proceeding, belonged to the arbitrator. Collyer, 616 So.2d at 178-79. We therefore reverse and remand the case for reinstatement of the petition and arbitration of the dispute.

Reversed and Remanded for Reinstatement of the Petition.

DAMOORGIAN, C.J., and GERBER, J., concur.