DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN COX,**
Appellant,

v.

**VILLAGE OF TEQUESTA,**
Appellee.

No. 4D14-2689

[February 3, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull III, Judge; L.T. Case No. 502013CA006575XXXXMB AB.

Isidro M. Garcia of the Garcia Law Firm, P.A., West Palm Beach, for appellant.

Stephen A. Meck and Leonard A. Carson of Carson & Adkins, Tallahassee, for appellee.

LEVINE, J.

The issue presented for our review is whether the trial court erred in determining that the trial court, and not an arbitrator, should determine whether appellant timely demanded arbitration and whether appellant waived the right to arbitrate. We find that the trial court erred by making these determinations, which are the province of an arbitrator. We therefore reverse and remand.

In June 2012, the Village of Tequesta terminated John Cox's employment. A collective bargaining agreement between Cox's union and the Village provided for termination "for just cause." The agreement set forth a three-step grievance and arbitration procedure to be followed in the event an employee challenged his or her termination.

First, the employee and/or union could present the grievance to the Chief within ten working days of the occurrence giving rise to the grievance:

Step 1. The aggrieved employee with or without a union representative may present a written grievance to Chief within ten (10) working days of the occurrence or knowledge of the matter giving rise to the grievance. The Chief shall attempt to adjust the matter within his/her authority and response to the party presenting the grievance within ten (10) working days.

Second, if the grievance was not satisfactorily resolved, the employee and/or the union could appeal the grievance to the Village Manager within ten working days of the response due in step 1. The Village Manager, in turn, was required to respond within ten days:

Step 2. If the grievance has not been satisfactorily resolved in step 1, the [union] representative and/or aggrieved employee may appeal the grievance to Village Manager, in writing, within ten (10) working days of the date the response was due in Step 1.

The Village Manager shall respond to matter within his/her authority, in writing, within ten (10) working days to the employee and [the union].

As to both steps 1 and 2:

The time limits set forth may be waived only by mutual agreement, in writing, between the parties. If the [union] fails to advance a grievance within these times limits the grievance will be treated as withdrawn with prejudice. If the Village fails to respond to the grievance within these time limits, the grievance will be treated as denied, effective on the date the response was due.

Third, if the grievance still was not resolved, the employee and/or the union could initiate arbitration:

Step 3.

1. If the grievance is not resolved at Step 2 of the Grievance Procedure, the aggrieved employee or the [union] may, within ten (10) working days of the date the response was due in Step 2, submit a request for arbitration to the Village Manager. In general grievances, either the [union] or the

2

Village may request to take the issue or grievance to arbitration.

2. If the parties fail to mutually agree upon an arbitrator within ten (10) days after the date of receipt of the arbitration request, a list of seven (7) qualified neutrals from the Federal Mediation & Conciliation Service (FMCS) shall be requested by either party, with a copy of the request sent to the other party. Within five (5) days after the receipt of the list, the parties shall meet and alternately cross out the names on the list, and the remaining name shall be the arbitrator. The party bringing the grievance shall cross out the first name. Failure of the parties to select an arbitrator within thirty (30) days of receipt of the panel from FCMS will be considered a withdrawal of the grievance with prejudice.

In April 2013, Cox filed a verified complaint in the trial court to compel arbitration pursuant to the agreement. Cox alleged that he "properly invoked all of the required steps in the Agreement, including demanding arbitration on July 9, 2012." Cox further alleged that the Village held a meeting during the second step that was contrary to the agreement. Emails attached to the complaint showed attempts by the Village to set a meeting, which were initially declined by Cox's union, but later the union agreed to a meeting on August 9, 2012. Cox sent an email to the union opposing the meeting.

The attachments to the complaint also showed that on July 9, 2012, the union sent the Village a letter requesting arbitration, and acknowledged receipt of the panel of arbitrators on July 19, 2012. On August 8, 2012, the union emailed Cox stating that the union's executive board decided not to proceed with arbitration and would attend the August 9, 2012 meeting. Cox, who was previously represented by the union, obtained his own counsel and "reiterated" his demand for arbitration in a letter dated February 26, 2013. The Village responded that Cox's July 9, 2012 request for arbitration was premature and invalid because, according to the Village, Cox failed to complete the steps in the grievance procedure.

The Village filed a response in opposition to Cox's motion to compel arbitration and motion to dismiss petition for declaratory relief. The Village argued that Cox waived any right to arbitration when he failed to comply with the specific timeframes set forth in the collective bargaining agreement. The Village filed various documents supporting its argument that Cox failed to comply with the timeliness requirement of the

agreement.

These documents showed that Cox filled out a grievance form on June 14, 2012, which the department head denied on June 22, 2012. Following the denial, Cox elected to proceed to step 2 of the grievance procedures, and the Village received the grievance on June 28, 2012. On July 3, 2012, the Village sent the union a letter acknowledging receipt of the step 2 grievance and requesting to meet with the union and Cox to discuss the matter. On July 9, 2012, the union sent a letter requesting arbitration. On August 13, 2012, the Village sent Cox a letter denying the grievance following the August 9, 2012 meeting with the union and Cox. The letter concluded by stating, "You have the right to appeal this decision by filing for arbitration." In January 2013, the union asked the Village its position on arbitrating "at this stage, as Grievance Procedure Step time limits have now naturally expired," and the Village declined to arbitrate.

The trial court entered a final judgment disposing of the complaint to compel arbitration and for declaratory relief. The trial court determined that the court, and not an arbitrator, should make the determination of whether the demand for arbitration was timely and whether the demand for arbitration was waived. The trial court determined that Cox's July 9, 2012 demand for arbitration was premature and therefore invalid to invoke arbitration. The trial court further determined that the July 9 demand for arbitration was also ineffective since the Village had not made a decision pursuant to step 2 of the grievance procedure, nor had the ten-day period expired for the Village to issue a decision. Finally, the trial court determined Cox was not entitled to arbitration since an arbitrator was not selected from the panel in a timely fashion. Thus, the trial court denied Cox's request to compel arbitration and dismissed the complaint. Cox appeals the trial court's decision.

"The standard of review for denial of a motion to compel arbitration is de novo." *Shetty v. Palm Beach Radiation Oncology Associates-Sunderam K. Shetty, M.D., P.A.*, 915 So. 2d 1233, 1234 (Fla. 4th DCA 2005). In order to determine whether the trial court properly resolved the issues in this case, or whether an arbitrator should have resolved them, we first look at the basic standards within the law.

"[D]oubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should

4

be resolved in favor of arbitration." *BKD Twenty-One Mgmt. Co. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012).

A trial court's determination of whether an arbitrable issue exists is "limited [in] scope" and applies in the "narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). There is no "question of arbitrability" "where parties would likely expect that an arbitrator would decide the gateway matter" such as "'procedural' questions which grow out of the dispute and bear on its final disposition," and "allegation[s] of waiver, delay, or a like defense to arbitrability." *Id.* at 84 (alteration in original) (citations omitted). Issues of procedure include "whether a condition precedent to arbitrability has been fulfilled" as well as "whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met." *Id.* at 85 (citation omitted).

Significantly, "[a]n arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration." *Id.* at 84 (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). In *John Wiley*, a company that merged with another company refused to recognize a collective bargaining agreement the union had with the original company. The union brought an action to compel arbitration, and the Supreme Court held that arbitration was warranted. The Supreme Court rejected the employer's argument that the union did not follow the grievance procedure steps before seeking arbitration and that such "procedural" conditions to arbitration that must be decided by the court and not the arbitrator. The Court explained:

> We think that labor disputes of the kind involved here cannot be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it. . . .
>
> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration. . . . It would be a curious rule which required that intertwined issues of 'substance' and

'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result.

Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

*Id.* at 556-57. *See also Howsam*, 537 U.S. at 85 (finding that "the applicability of the NASD time limit rule is a matter presumptively for the arbitrator, not for the judge").

Florida law allows a party to bring an action to compel arbitration when the other party refuses to arbitrate a dispute in accordance with the applicable arbitration clause. Section 682.03, Florida Statutes (2012), provides:

(1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.

. . . .

(5) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

Specifically, under section 682.03, a trial court may consider only three issues: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Gren v. Gren*, 133 So. 3d 1066, 1068 (Fla. 4th DCA 2014)

6

(quoting *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)).

In the instant case, with respect to the first factor, it is undisputed that a valid written agreement to arbitrate exists. As to the second factor, an arbitrable issue exists regarding whether Cox was fired for good cause. Finally, as to the third factor—whether the right to arbitration was waived—no issues of waiver were present that would warrant trial court intervention. In determining waiver, a trial court's consideration is limited to whether a party waived arbitration by "active participation in a lawsuit or from taking action inconsistent with that right." *O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So. 2d 181, 185 n.4 (Fla. 2006). Clearly, in this case Cox did not participate in any lawsuit that would constitute a waiver of his right to arbitrate. To the contrary, Cox did everything possible to compel arbitration in this case, including filing a motion to compel arbitration in the trial court pursuant to section 682.03.

The trial court incorrectly made a determinination that Cox "waived" the right to arbitrate by failing to timely make a demand for arbitration. In doing so, the trial court conflated the concept of the waiver of arbitration by actively participating in a lawsuit, with the concept of waiver that would occur where a party to an agreement does not invoke parts of that agreement in a timely fashion. Under the law of this court, it is clear that an arbitrator decides whether a party has timely invoked the key parts of an agreement.

In *Thenet v. Jenne*, 968 So. 2d 46 (Fla. 4th DCA 2007), a terminated deputy sheriff filed a request for arbitration under a collective bargaining agreement. The deputy then filed a suit to compel arbitration. The trial court determined that the deputy's request was untimely, and as a result, the trial court granted the sheriff's motion to dismiss the deputy's motion to compel arbitration. This court reversed, finding that timeliness is "a question for an arbitrator." *Id.* at 46. *See also Gren*, 133 So. 3d at 1068 (stating that "factual issues . . . including the timeliness in initiating the arbitration proceeding, belonged to the arbitrator"); *Cooper v. Fine*, 705 So. 2d 131, 131 (Fla. 4th DCA 1998) (finding that "whether conditions precedent to arbitration were fulfilled . . . is a question for the arbitrator"); *O'Keefe Architects, Inc.*, 944 So. 2d at 188 (holding that a statute of limitations defense was to be decided by the arbitrator).

In this case, the trial court determined waiver of arbitration by finding several points where Cox's actions were not timely, and as such, "waived" his right to arbitration. As we found in *Thenet*, only the arbitrator should determine questions of "timeliness." To rule otherwise would expand the concept of waiver from its present limited inquiry to the point where every

question of dispute would be decided by a trial court where the party disputing arbitration would claim that the other party's action effectively constituted "waiver."

In conclusion, we reverse and remand to the trial court to grant the motion to compel arbitration.

*Reversed and remanded.*

CONNER and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***