DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TERESA J. PATTERSON and DAVID D. WALTER,

Appellants,

v.

REGINA MELMAN and PALM REALTY OF VENICE, LLC,

Appellees.

No. 2D2023-1388

_____

September 13, 2024

Appeal from the Circuit Court for Sarasota County; Danielle Brewer, Judge.

David D. Walter, pro se, and for Appellant Teresa J. Patterson.

Wendy Shay Temple and Michael L. Dear of The Law Office of Michael L. Dear, PLLC, Orlando, for Appellees.

ATKINSON, Judge.

Appellants, Teresa J. Patterson and David D. Walter, appeal the trial court's order compelling arbitration of the claims they asserted against Appellees, Regina Melman and Palm Realty of Venice, LLC. Although the trial court reached the correct result to compel arbitration on the merits of the claims against Appellees, we reverse the trial court's order because, in answering the question of waiver, the trial court impermissibly decided a question regarding a condition precedent to arbitration that was by statute within the exclusive province of the

arbitrator to decide. We remand for entry of an order that, in addition to compelling arbitration on the merits of the underlying claims against the appellees, compels arbitration on the issue regarding whether Appellees fulfilled any conditions precedent to arbitration.

## Background

Appellants executed two listing agreements providing for Appellees to serve as their real estate agents to sell two duplexes (one agreement for each duplex). The listing agreements contain identical dispute resolution clauses, which provide that "[a]ll controversies, claims, and other matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be settled by first attempting mediation." The clauses then provide that "disputes not resolved by mediation will be settled by neutral binding arbitration." A dispute ensued after a potential buyer executed purchase contracts for the duplexes but cancelled the transaction the day before closing. Appellants filed suit, including several claims against Appellees. Appellants alleged that they sought to address all issues in mediation but that Appellees refused to mediate.

Appellees filed a motion to dismiss the complaint, arguing, among other things, that the listing agreements required the resolution of Appellants' claims in binding arbitration. In opposition, Appellants did not dispute that there was a valid agreement to arbitrate or that their disputes fell within the scope of the arbitration agreement. Instead, Appellants contended that mediation was a condition precedent to arbitration and that Appellees had waived the right to arbitration by refusing to participate in mediation. The trial court construed Appellees' motion as a motion to compel arbitration and entered an order compelling arbitration of the claims asserted against Appellees.

2

## Analysis

Appellants maintain on appeal that Appellees' alleged refusal to mediate constitutes a waiver of their right to arbitration. Although the waiver of the right to arbitrate is generally a question of fact reviewed for competent substantial evidence, *see Mora v. Abraham Chevrolet-Tampa, Inc.*, 913 So. 2d 32, 33 (Fla. 2d DCA 2005), in this appeal we consider the legal issues of whether and when the failure to perform a condition precedent can constitute a waiver of the right to arbitration and whether and when that question is one for the arbitrator or the trial court. Our review of those legal issues is de novo. *See Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 461 (Fla. 2011).

In deciding whether to compel arbitration, under the common law the trial court must determine "whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); *UATP Mgmt., LLC v. Barnes*, 320 So. 3d 851, 855 (Fla. 2d DCA 2021) (quoting *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013)). However, pursuant to the Revised Florida Arbitration Code, enacted in 2013, *see* ch. 2013-232, § 40, Laws of Fla., it is the "arbitrator [who] shall decide whether a condition precedent to arbitrability has been fulfilled," § 682.02(3), Fla. Stat. (2023); *see also Sherwood v. Slazinski*, 162 So. 3d 229, 231 (Fla. 2d DCA 2015) (citing § 682.02(3), Fla. Stat. (2013)). In this case, Appellants predicated their waiver argument on Appellees' alleged refusal to perform what Appellants argue is a condition precedent to arbitration—attending mediation. Appellants contend that Appellees' alleged refusal to actually mediate the dispute constitutes a repudiation of the condition precedent resulting in a waiver of Appellees' right to arbitration.

3

Finding that "the actual occurrence of mediation" was not a condition precedent, the trial court reasoned that because mediation had never happened, Appellees were entitled to arbitration—even though, according to Appellants' allegations, the nonoccurrence of mediation was a consequence of Appellees' refusal to participate. Reasoning that the arbitration provision "does not state that mediation must occur for arbitration to occur," the trial court deduced that the mere fact that the disputes "ha[d] not been resolved by mediation" meant that "the right to arbitrate ha[d] not been waived" and that "the dispute must proceed to binding arbitration."

Implicit in the trial court's determination that Appellees had not waived their right to arbitration is the premise that had the actual occurrence of mediation been a condition precedent to arbitration, the failure to satisfy the requirement would have constituted a waiver of the right to arbitration. We cannot reach the issues of whether the trial court erred in its determination that the mediation requirement was not a condition precedent or whether that condition precedent had been fulfilled because those are questions that should have been left to the arbitrator. Indeed, we reverse in part based on the conclusion that the trial court erred by addressing those questions in the first place. Authority to determine whether a condition precedent was fulfilled is explicitly assigned by statute to the arbitrator, *see* § 682.02(3), and whether a certain obligation is or is not a condition precedent is necessarily subsumed within that question.

What we must address is whether the trial court was incorrect in treating the issue of condition precedent fulfillment as one of waiver under the circumstances of this case and deciding the matter for itself. We conclude that the trial court erred because the question of condition

4

precedent fulfillment under the circumstances of this case was not one of waiver, and presuming only for the sake of analysis that failure to fulfill a condition precedent could under some circumstances constitute a waiver, the question would by statute still be one for the arbitrator to decide.

A waiver is "the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005). "This general definition of waiver is applicable to a right to arbitrate," the "essential question [being] whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Id.* (second quotation quoting *Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987)). Stated differently, a party may waive the right to arbitrate if he or she has "manifested an acceptance of the judicial forum." *Hardin Int'l, Inc. v. Firepak, Inc.*, 567 So. 2d 1019, 1021 (Fla. 3d DCA 1990) (quoting *Lapidus v. Arlen Beach Condo. Ass'n*, 394 So. 2d 1101, 1103 (Fla. 3d DCA 1981)).

When a party demands arbitration without having fulfilled a condition precedent to arbitration, the party may be invoking the arbitration right prematurely, but invoking the right prematurely is not tantamount to acting inconsistently with the right and is certainly not a manifestation of an acceptance of the judicial forum. By demanding arbitration as the appropriate forum to resolve the dispute, even if prematurely, and insisting that no conditions precedent remain to be fulfilled—either on the basis that the action asserted to be a condition precedent has been accomplished or under the rationale that it is not in fact a condition precedent at all—the party has indicated that it wants to

5

arbitrate. As such, it cannot be seen as having acted inconsistently with the arbitration right or to have affirmatively manifested an acceptance of the judicial forum. *See Piercy v. Sch. Bd. of Wash. Cnty.*, 576 So. 2d 806, 808 (Fla. 1st DCA 1991) ("Consequently, if a party has manifested an acceptance of the judicial forum, a court could reasonably conclude that the party waived any right he or she may have had to arbitration." (citing *Lapidus*, 394 So. 2d at 1103)); *Hardin Int'l*, 567 So. 2d at 1021 (concluding "both sides 'manifested an acceptance of the judicial forum and waived any right . . . to arbitration' " (quoting *Lapidus*, 394 So. 2d at 1103)); *Pub. Health Tr. of Dade Cnty. v. M.R. Harrison Constr. Corp.*, 415 So. 2d 756, 758 (Fla. 3d DCA 1982) (providing that "the ingredient common to waiver cases" is "that the party said to have waived [the right to arbitration] has, in some manner, affirmatively manifested an acceptance of the judicial forum"). In other words, the party seeking arbitration has acted *consistently* with its right to do so and demonstrated an intent *not* to relinquish the right. *See Raymond James Fin. Servs.*, 896 So. 2d at 711 (describing the "essential question" of waiver as whether a party "has acted inconsistently with the arbitration right" (quoting *Nat'l Found. for Cancer Rsch.*, 821 F.2d at 774)); *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 687 (Fla. 2d DCA 2009) (discussing examples of waiver effectuated by "conduct that is inconsistent with the arbitration request").

Therefore, even Appellees' alleged repudiation of the purported condition precedent cannot constitute waiver because under the circumstances it is a manifestation of an affirmative acceptance of the *arbitral* forum that Appellees persistently seek to employ, and the refusal to undertake the purported condition precedent to arbitration is, perhaps paradoxically, *consistent* with the right to arbitration. Appellees argue,

consonant with their perceived present right to arbitration, that the trial court was correct in determining that they do not need to attend mediation before arbitration. Appellees' insistence that they have the right to arbitrate without first attending mediation—even if their repudiation of the obligation to mediate circumvents a condition precedent—undermines Appellants' waiver argument because Appellees' conduct is consistent with the right and not a relinquishment of it.

Moreover, when, as in this case, the failure to perform a condition precedent can simply be cured by fulfilling the condition precedent, such a failure cannot be conflated with waiver because waiver effects a relinquishment of the right that is irrevocable—that is, it cannot be reinstated without agreement of the opposing party. *See Mirro v. Freedom Boat Club, LLC*, 328 So. 3d 1108, 1110–11 (Fla. 2d DCA 2021) ("[O]nce a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of his or her adversary." (quoting *Green Tree Servicing*, 15 So. 3d at 687)). Unlike waiver, the effect of a party's failure to fulfill a condition precedent is that the party still needs to fulfill that condition, not that the party irrevocably forfeits the right to resolve the dispute in the desired forum. *Cf. Lane v. Eckert*, 652 So. 2d 1257 (Fla. 2d DCA 1995) ("Because the appellant failed to comply with the [presuit notice] requirements of section 768.28(6), Florida Statutes (1991), the trial court properly dismissed his complaint. Since, however, the statute of limitations had not yet run at the time of dismissal, the appellant shall have the opportunity to file an amended complaint after compliance with the statute." (first citing *Wright v. Polk Cnty. Pub. Health Unit*, 601 So. 2d 1318 (Fla. 2d DCA 1992); then citing *Hamide v. Dep't of Corr.*, 548 So. 2d 877 (Fla. 1st DCA 1989); and then citing *Wemett v. Duval County*, 485

7

So. 2d 892 (Fla. 1st DCA 1986))); *Seminole Tribe of Fla. v. Pupo*, 384 So. 3d 187, 190 (Fla. 4th DCA 2023) ("A failure to comply with a condition precedent to suit typically results in the dismissal of a prematurely-filed suit, not a 'forever' bar unless a statute of limitations or repose would preclude a newly-filed lawsuit."). In other words, a party invoking arbitration prematurely can cure the prematurity by fulfilling the condition precedent, a situation altogether distinct from one in which a party has knowingly and irrevocably relinquished the right to arbitration.

Of course, the same cannot be said of a provision imposing a condition precedent to arbitration that is time-bound. Failure to timely fulfill such a condition precedent cannot be cured. And this distinguishes a case upon which Appellants rely in support of their contention that the trial court properly resolved the issue of condition precedent fulfilment as an issue of waiver. In *Leder v. Imburgia Construction Services, Inc.,* 325 So. 3d 256 (Fla. 3d DCA 2021), the court concluded that a party's failure to fulfill a condition precedent to arbitration constituted a waiver of arbitration because the parties had agreed as a matter of contract that the arbitration right would be waived if they did not timely perform the obligation. *See id.* at 257, 259 ("The parties' contract reflects that the parties' right to proceed to binding dispute resolution—arbitration—is waived if a certain condition precedent to arbitration is not followed. . . . [W]e conclude that the parties waived their right to arbitrate under the terms of their contract."). In *Leder*, the party seeking arbitration could not cure its failure to fulfill the condition precedent because the arbitration provision first required the submission of a claim to an "Initial Decision Maker" within twenty-one days of the dispute arising. *Id.* at 257. As a practical matter, failure to timely fulfill the condition precedent did extinguish the right to

8

arbitration. However, even if the failure to perform the condition precedent in *Leder* could logically be considered a waiver,[1] because the waiver was effectuated as a consequence of the failure to fulfill a condition precedent, the matter should have been determined by the arbitrator. *See* § 682.02(3) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled . . . ."); *cf. Cox v. Village of Tequesta,* 185 So. 3d 601, 607 (Fla. 4th DCA 2016) ("In this case, the trial court determined waiver of arbitration by finding several points where Cox's actions were not timely, and as such, 'waived' his right to arbitration. . . . [O]nly the arbitrator should determine questions of 'timeliness.' To rule otherwise would expand the concept of waiver from its present limited inquiry to the point where every question of dispute would be decided by a trial court where the party disputing arbitration would claim that the other party's action effectively constituted 'waiver.' "). In other words, even presuming *arguendo* the possibility that a party's inaction could under some circumstance be both a failure to fulfill a condition precedent to arbitration and a consequent waiver of the right to arbitration, it is still statutorily a matter for the arbitrator to determine. The legislature did not limit the circumstances in which arbitrators are to determine whether conditions precedent have been fulfilled. Nor did the legislature carve out an exception for those conditions precedent that could be tantamount to

---

[1] The *Leder* opinion does not include the language of the contract, which could have made it explicit that a failure to timely fulfill the condition precedent constituted a waiver. The language of the opinion seems to suggest that such language was a part of the contract. Presuming it was, then the parties' inaction would be deemed a waiver by operation of the agreement itself without further analysis, which is not something that can be said of the contractual language or the facts of this case.

waiver or those that must be timely fulfilled. To the contrary, the statute unqualifiedly mandates that the "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." § 682.02(3). Thus, we disagree with *Leder* insofar as it approves the adjudication by the trial court—instead of by the arbitrator—of a question of condition precedent fulfillment. *Cf. Cox*, 185 So. 3d at 607 ("[T]he trial court conflated the concept of the waiver of arbitration by actively participating in a lawsuit, with the concept of waiver that would occur where a party to an agreement does not invoke parts of that agreement in a timely fashion.").

However, for at least two reasons we need not address the question of whether the *Leder* court's conflation of condition precedent failure with waiver was correct under the circumstances of that case—or whether the failure to perform a condition precedent could ever constitute a waiver of entitlement to arbitration under any circumstances. First, in *Leder*, the performance requirement constituting the condition precedent was time-bound. This meant that, by operation of the contract, the right to arbitrate the issue was irrevocably relinquished by the parties' failure to timely act because the inaction forever foreclosed the satisfaction of the performance obligation deemed by the court to have been a condition precedent. By contrast, in this case appellees' failure to participate in mediation is a curable omission that does not irrevocably foreclose their right to arbitrate. As such, even if appellees' inaction can be considered a failure to fulfill a condition precedent, it cannot be deemed a waiver of their right to arbitration. Second, in this case the question before this court is whether the trial court improvidently made a determination that was statutorily within the authority of the arbitrator to decide. The trial court's decision to order arbitration over appellants' objection was

10

premised on a determination that participation in mediation was not a condition precedent—a matter squarely within the ambit of the arbitrator's statutory authority to "decide whether a condition precedent to arbitrability has been fulfilled." § 682.02(3). While under the circumstances of this case the condition precedent-failure at issue cannot constitute a waiver for the reasons stated herein, it is not necessary for this court to address whether the failure to perform a condition precedent could ever constitute a waiver; therefore, that the reasoning of *Leder* was premised on an affirmative answer to that question is of no moment.

Appellees also misplace reliance on *Aberdeen Golf & Country Club v. Bliss Construction, Inc.*, 932 So. 2d 235 (Fla. 4th DCA 2005), in which the Fourth District reasoned that "the owner's refusal to initiate mediation as a precondition to arbitration and to comply with the duty to make progress payments instead of terminating the contract could be deemed a voluntary and intentional relinquishment of the known right to arbitration." *Id.* at 240. *Aberdeen* was decided before the legislature enacted the Revised Florida Arbitration Code, which now forecloses a court's ability to decide issues regarding the fulfillment of conditions precedent to arbitration—whether they are construed as questions of waiver or not. *See* § 682.02(3). For similar reasons as apply to *Leder*, this court need not address the rectitude of *Aberdeen*'s finding of a waiver by failure to fulfill a condition precedent because in this case the trial court's determination of the issue of condition precedent fulfillment was an erroneous invasion of what has now been made by statute the sole province of the arbitrator.

Although the trial court reached the right result in this case by compelling arbitration, the trial court's order cannot be affirmed. The

trial court improperly resolved issues reserved for the arbitrator—whether the actual occurrence of mediation is a condition precedent to arbitration and whether the condition had been fulfilled. The Revised Florida Arbitration Code is explicit that the arbitrator must decide whether a condition precedent has been fulfilled. *See id.* ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled . . . ."). And the question of what is or is not a condition precedent is logically subsumed within the question of whether a condition precedent has been fulfilled: the arbitrator must necessarily identify the nature and scope of any condition precedent before determining whether that condition has been fulfilled. But even if those two questions could be separated from one another, the Revised Florida Arbitration Code is equally clear as to what issues the court may decide; whether a contract contains a condition precedent to arbitration is not one of them. Section 682.02(2), which explicates the division of labor between the court and the arbitrator, confers on the court the authority to "decide whether an agreement to arbitrate exists" and whether "a controversy is subject to an agreement to arbitrate." Section 682.03(1)(b) sets forth the procedure the court must follow when a party seeks to compel arbitration. Upon the filing of an opposed "motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement . . . , the court *shall* proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate." § 682.03(1)(b) (emphasis added). Reading sections 682.02 and 682.03 *in pari materia,* it is inescapable that once the "issue" of whether there is an "enforceable agreement to arbitrate," § 682.03(1)(b), and the question of whether "a controversy is subject to an agreement to arbitrate," § 682.02(2), are

12

resolved in the affirmative, the trial court is required to order arbitration straight away, leaving no opportunity for the court to address any other questions—such as whether an obligation in the arbitration agreement does or does not constitute a condition precedent.

The trial court invaded the statutory province of the arbitrator when it made a determination regarding what is and what is not a condition precedent to arbitration and whether such conditions had been met. Accordingly, we reverse the trial court's order and remand with instructions that the trial court enter an order compelling arbitration, to include the merits of the claims asserted against Appellees and the question of whether Appellees fulfilled any conditions precedent to arbitration.

Reversed and remanded with instructions.


NORTHCUTT, J., Concurs.
KHOUZAM, J., Concurs specially.


KHOUZAM, Judge, Specially concurring.

I concur in all respects except for the extended discussion and criticism of the *Leder* opinion. Because *Leder* involved a time-limited condition precedent whereas this case does not, these cases are factually distinguishable, and the correctness of the *Leder* decision is beyond the scope of our review.

—————————————————

Opinion subject to revision prior to official publication.