DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF WEST PALM BEACH,**
Appellant,

v.

**KEVIN HARRELL,**
Appellee.

No. 4D2024-2821

[July 30, 2025]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Reid P. Scott, II, Judge; L.T. Case No. 502023CA011221.

Shane Weaver, Senior Assistant City Attorney, City of West Palm Beach, West Palm Beach, for appellant.

William R. Amlong and Jennifer Daley of The Amlong Firm, Fort Lauderdale, and Ralph Edward King, III, of King|Morse PLLC, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's nonfinal order determining the right to arbitration. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(I). Our review of the purely legal issue is de novo. "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *BKD Twenty-One Mgmt. Co. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012).

Appellee is a former police officer who was terminated by the City of West Palm Beach in 2023. Appellee was a member of a union with a collective bargaining agreement (CBA) with the City. Pursuant to the CBA, appellee filed a grievance alleging wrongful termination. The City denied his grievance but refused to proceed with his request for arbitration under the CBA's procedure. The City argued that, under the CBA, only the union could file the written request for arbitration. Appellee explained, however, that the union had authorized him to arbitrate through his own legal representation. The City refused to accept appellee's written request.

The trial court correctly concluded that the validity and timeliness of the request was a "prerequisite to arbitrability" that is for the arbitrator to decide. *See* § 682.02(3), Fla. Stat. (2023) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable.").

This case is controlled by *Cox v. Vill. of Tequesta,* 185 So. 3d 601, 605 (Fla. 4th DCA 2016), where we held that the timeliness of an arbitration request was for the arbitrator to decide, not a court. This case presents essentially the same issue, whether a valid request was timely filed under the procedure in the CBA.

"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). The alleged invalidity of appellee's arbitration request does not fall within any of the *Seifert* elements.

The City argues that the union's failure to timely file the request resulted in a waiver that can be reviewed under *Seifert.* In *Cox,* however, we rejected the argument that whether the demand was timely was a "waiver" issue within the meaning of *Seifert*: "[T]he trial court conflated the concept of the waiver of arbitration by actively participating in a lawsuit, with the concept of waiver that would occur where a party to an agreement does not invoke parts of that agreement in a timely fashion." *Cox,* 185 So. 3d at 607. *Cox* explained that the only "waiver" issue that is subject to judicial review under *Seifert* is whether the party waived arbitration by active participation in the lawsuit or by acting inconsistent with the right to arbitrate. *Id.* at 606. The employee in *Cox* "did everything possible to compel arbitration" and did nothing inconsistent with it. *Id.* The same is true here.

The City argues that the trial court ignored our caselaw that has previously decided the validity of a public employee's request for arbitration in similar circumstances. *E.g., City of Pembroke Pines v. Zitnick,* 792 So. 2d 677 (Fla. 4th DCA 2001); *City of Boynton Beach v. Taylor,* 813 So. 2d 1039 (Fla. 4th DCA 2002). Specifically, in *City of Pembroke Pines v. DeSantis,* 816 So. 2d 1198, 1200 (Fla. 4th DCA 2002), we held that the union could not delegate its exclusive authority to pursue arbitration under the CBA to the employee.

2

But, at the time we decided these cases, section 682.02(3) did not exist. The legislature enacted this provision in 2013 as part of the Revised Florida Arbitration Code. Ch. 2013-232, § 7, Laws of Fla. *DeSantis* and the other cases cited by the City did not determine a dispute over "who decides" conditions precedent under the revised code. Section 682.02(3) now directly addresses this issue and, as we held in *Cox*, the arbitrator decides whether the procedural steps to properly invoke arbitration under the CBA have been followed. *See Cox*, 185 So. 3d at 605 ("Issues of procedure [for the arbitrator to decide] include 'whether a condition precedent to arbitrability has been fulfilled' as well as 'whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met.'") (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)); *see also Alderman v. City of Jacksonville, Fire & Rescue Div.*, 902 So. 2d 885, 887 (Fla. 1st DCA 2005) (rejecting the same "waiver" argument). "[Q]uestions of timeliness are to be decided by an arbitrator, not a trial court. This is true even if the time requirement for arbitration is labeled a condition precedent." *Alderman*, 902 So. 2d at 887 (internal citation omitted).

Thus, no error is shown in the trial court's order requiring arbitration, and we affirm. We express no opinion on the validity of appellee's request or his compliance with the procedure in the CBA, as this is an issue for the arbitrator to decide.

*Affirmed.*

GROSS, CONNER and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***